UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MELISSA REIMER,                                        14 Civ. 7044 (CS)(LMS)

                            Plaintiff,

       -against-

THE TOWN OF RAMAPO, CHRISTOPHER ST. LAWRENCE, NATHAN OBERMAN, MICHAEL KLEIN, LINDA CONDON AND BETH FINKELSTEIN all are SUED HEREIN AS INDIVIDUALS as well as IN THEIR OFFICIAL CAPACITY,

                            Defendants.
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO THE
UNITED STATES' MOTION FOR A STAY OF DISCOVERY
AND SUMMARY JUDGMENT BRIEFING**

                                        SOKOLOFF STERN LLP
                                        *Attorneys for Defendants Town of Ramapo, Christopher St. Lawrence, Michael Klein, Linda Condon, and Beth Finkelstein*
                                        179 Westbury Avenue
                                        Carle Place, New York 11514
                                        (516) 334-4500
                                        File No. 130069

*Of Counsel:*
       Steven. C. Stern
       Anthony F. Cardoso

### PRELIMINARY STATEMENT

The United States of America (the "Government") again seeks to intervene in this action, this time to seek a stay of discovery and, as a footnote, the partially briefed motion for summary judgment. Defendants Town of Ramapo, Christopher St. Lawrence, Michael Klein, Beth Finkelstein, and Linda Condon consent to the stay of discovery, but oppose a stay of defendants' summary judgment motion. The pending motion is on a discrete legal issue of First Amendment jurisprudence related solely to plaintiff's job duties, an issue that the Government does not suggest relates to the criminal proceedings. The Court should deny the Government's motion to stay the summary judgment motion. But if the stay of discovery is granted, it should be a wholesale stay; the Government should not be able to cherry-pick which witnesses, documents, and other information will be shielded.

## PROCEDURAL HISTORY

In November 2014, the Town moved to dismiss plaintiff's complaint (filed by bundling on January 16, 2015). Following a conference on January 20, 2015, the Court ordered plaintiff to produce certain audio recordings in her possession. On January 29, 2015, the Government moved to intervene to seek a stay of discovery of those recordings, which the Court denied on February 2, 2015 without prejudice based on an insufficient showing. Following an additional, ex parte submission, the Court granted the requested stay until May 4, 2015.

On May 1, 2015, the Court extended the stay at the Government's request, with the parties' consent, until July 1, 2015. On May 18, 2015 the Court ordered defendants to produce certain documents and recordings.[1] On June 30, 2015, the Government again requested an extension of the stay for an additional 90 days with respect to certain designated recordings.

On September 10, 2015, the Court denied defendants' motion to dismiss without prejudice, and ordered the parties to engage in a limited period of discovery on a single issue: the scope of plaintiff's job duties with the Town of Ramapo during the relevant time. In doing so, the Court granted defendants leave to renew their motion for summary judgment at the end of the limited discovery. After several extensions of the limited discovery period, the Town served its summary judgment motion on April 22, 2016. On May 2, plaintiff's counsel wrote to the Court seeking to limit the scope of defendant's Local Rule 56.1 Statement on the grounds it was lengthy and, he claimed, sought discovery. The Court rejected plaintiff's application at a conference on May 10, 2016.

Although plaintiff was due to respond to the motion by May 13, 2016, she did not file anything that day. Instead, on May 16th plaintiff's counsel wrote to the Court requesting until

---

[1] The parties engaged in additional briefing on defendants' motion to dismiss, as plaintiff amended the complaint to include additional allegations. The additional briefing was completed on June 29, 2015.

2

May 23, 2016 to submit his opposition. On May 19th, the Government sought to intervene with the within application. On May 20th, the Court ordered an interim stay of the remaining briefing on defendants' limited summary judgment motion.

## ARGUMENT

### POINT I

#### THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST FOR A STAY OF THE SUMMARY JUDGMENT MOTION

The Government intervened in this case in January 2015, more than 15 months ago. It remained silent as the parties in this litigation underwent the "job duty discovery," which included six party depositions, including that of Mr. St. Lawrence as well as others who are the subject of the SEC complaint.

Although the Government unsealed the indictment and arrested Mr. St. Lawrence on April 14, 2016, it waited until after defendants served their motion papers to bring this application, just before plaintiff was due to respond.

The Government relegates their argument for a stay of the motion to a mere footnote in their brief. See Gov't Mem. at p. 1, n. 2. They equate plaintiff's response to defendants' motion as a discovery mechanism. It is not.

A motion for summary judgment is not a discovery device; rather, it summarizes and analyzes discovery that has already occurred. See Fed. R. Civ. P. 56. A Local Rule 56.1 Statement is not, as the Government contends, a discovery device like interrogatories or requests for admissions. See Local Rule 56.1. Rather, it is a statement of those material facts "as to which the moving party contends there is no genuine issue to be tried." Fed. R. Civ. P. 56.1(a). Each numbered paragraph of the Rule 56.1 Statement is, as is required, "followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Fed. R. Civ. P. 56(d).

The parties have already exchanged the documents and taken each other's depositions on this limited issue. The Government never sought to stay. Defendants' served their motion; the

4

Government took no issue with that. There is no reason to delay plaintiff's response or the disposition of the motion.

The motion cannot be used to circumvent discovery in the criminal proceedings. It does not require plaintiff to produce documents or to elicit testimony that has not already been exchanged or elicited. All parties, including plaintiff, testified freely at their depositions about the scope of plaintiff's job. There seems to be little dispute about it.

If plaintiff submits any affidavits with her response, they should ostensibly relate only to this limited issue before the Court, which is not at issue in the criminal case. See Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay."). The Government has failed to articulate how the public interest, prejudice to any party, or the interests of the Court would be served by a stay of the pending motion for summary judgment.

In fact, the motion may be fully dispositive of the civil action. Should the Court dismiss plaintiff's First Amendment claims, the issues in the civil litigation would be substantially narrowed with far less possibility of overlap with the criminal action. And the Court already suggested it may decline jurisdiction over the remaining supplemental state law claims for defamation and abuse of process if it dismisses the constitutional claim. Then the stay of discovery would be unnecessary.

## POINT II

## IF DISCOVERY IS STAYED, IT SHOULD BE STAYED IN ITS ENTIRETY

The Government seems to suggest that if its application is granted, it could cherry-pick which portions of discovery in this case would proceed, as it could identify "any … form of discovery that would create statements of persons whom the Government asserts may be called as a witness in the Criminal Case." Gov't Mem. at p. 21.  This would be patently unfair, and create the very prejudice of one-sided discovery in the civil case the Government protests would occur in the criminal case absent a stay.  See Sec. & Exch. Comm'n v. Shkreli, No. 15CV7175 (KAM)(RML), 2016 WL 1122029, at *5 (E.D.N.Y. Mar. 22, 2016).

In Shkreli, the Government sought a complete stay of civil discovery because of a pending criminal proceeding.  Defendants sought a limited stay that would allow some discovery to proceed while staying other discovery.  Plaintiff SEC argued that the "one-sided" limited stay sought was "unreasonable and patently unfair," as it would permit the defendants to obtain discovery while shielding them from having to provide it.  The court granted a complete stay.  Id.  For the same reasons, a limited stay of discovery here would be unfair and potentially one-sided.  It is also likely to result in litigation over the scope of the stay, which another court rejected as "not workable."  In re Air Cargo Shipping Servs., No. 06-MD-1775, 2010 WL 5027536, at *2 (E.D.N.Y. Dec. 3, 2010).  Therefore, if defendants' motion for summary judgment is denied and the requested stay is granted, discovery in this action should be stayed in its entirety.  Of course, this issue will be rendered moot if the court denies the stay with respect to defendants' motion for summary judgment, and that motion is granted.

## CONCLUSION

For all these reasons, the Court should deny the Government's motion to stay the pending motions. Although defendants do not oppose the stay of discovery, if it is granted discovery should be stayed in its entirety.

Dated: Carle Place, New York
June 2, 2016

                                      SOKOLOFF STERN LLP
                                      *Attorneys for Defendants Town of Ramapo, Christopher St. Lawrence, Michael Klein, Linda Condon, and Beth Finkelstein*

By:    Steven C. Stern
        Anthony F. Cardoso
        179 Westbury Avenue
        Carle Place, New York 11514
        (516) 334-4500
        File No. 130069